Rec'd 6/2/14
kzn
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 2 8 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

-------------------------------------------------------------x

DONALD M. DOVE,

                 Plaintiff,

          -against-

THE CITY OF NEW YORK, ET AL; NEW YORK
CITY POLICE DEPARTMENT; POLICE OFFICER
JOHN DOE # 1, 2,

                 Defendants.

-------------------------------------------------------------x

**MEMORANDUM AND ORDER**
14-CV-3156 (ARR)

ROSS, United States District Judge.

      Plaintiff Donald M. Dove, currently being held at Elmira Correctional Facility, brings this

pro se civil rights action pursuant to 42 U.S.C. § 1983 seeking monetary damages and injunctive

relief. Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted.

For the reasons discussed below, the complaint is dismissed.

### STANDARD OF REVIEW

      Pro se complaints are held to less stringent standards than pleadings drafted by attorneys,

and the Court is required to read the plaintiff's pro se complaint liberally and interpret it as raising

the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe,

449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir.

2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all

well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch

Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79

(2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

However, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; see Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under the Prison Litigation Reform Act, sua sponte dismissal of frivolous prisoner complaints is not only permitted but mandatory); Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

## DISCUSSION

Plaintiff states that in 1985, he was falsely arrested, charged, and subsequently convicted of criminal possession of a weapon in the third degree in Kings County, and sentenced to a term of incarceration of three to six years. Compl., Dkt. #1, at 4; see People v. Dove, 514 N.Y.S.2d 1015 (App. Div. 1987). Plaintiff alleges that his arrest was based on an illegal stop and frisk. Compl. at 4. Plaintiff seeks monetary relief and an injunction expunging his 1986 conviction. Id. at 5.

Plaintiff previously filed another complaint in this court pursuant to 42 U.S.C. § 1983 seeking to expunge the same Kings County conviction for criminal possession of a weapon in the third degree. On October 30, 2013, this Court dismissed that complaint for failure to state a claim upon which relief may be granted. See Dove v. Pesce, 13-CV-5766 (ARR). The Second Circuit

2

dismissed plaintiff's appeal from that decision on May 27, 2014. See 13-CV-5776, Dkt. #9.

To sustain a claim brought under 42 U.S.C. § 1983, plaintiff must allege that "(1) the conduct complained of . . . [was] committed by a person acting under color of state law; and (2) the conduct complained of must have deprived . . . [him] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).

Plaintiff's claim here is time-barred, as the statute of limitations for a § 1983 civil rights action in New York is three years. See Owens v. Okure, 488 U.S. 235, 250 (1999). This limitations period accrues for a false arrest claim at the time of arrest. See Wallace v. Kato, 549 U.S. 384, 397 (2007) ("[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."). Since plaintiff challenges an arrest that occurred in 1985, his claim is barred by the three-year statute of limitations.

Even if plaintiff's claim were not time-barred, his suit would be barred by the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994), for the reasons stated in this Court's order in plaintiff's prior suit, 13-CV-5766, Dkt. #5. See Heck, 512 U.S. at 486-87 ("[I]n order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.").

3

## CONCLUSION

Accordingly, plaintiff's claims are dismissed. 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Allyne R. Ross

ALLYNE R. ROSS
United States District Court

Dated: Brooklyn, New York
May 28, 2014

4